EuppiN, Chief-Justice.
 

 The defendant doubtless committed usury in discounting the bonds, as stated in the case. But the question is, whether the contract as proved, is that set forth in the declaration. That alleges a loan of 270 to
 
 Spears.
 
 To whom was it made ?
 

 There was but one loan and but one penalty incurred. The loan cannot-be laid at the election of the informer, to be made to either; for then the defendant would be exposed to a suit by another informer, for the penalty as upon a loan to the other. The declaration must there" fore state the transaction according to the truth of it, and its legal effect. If it had set forth all the facts, that the bond was made to be discounted for the benefit of
 
 Jones,
 
 was endorsed by
 
 Spears,
 
 discounted by
 
 Gan-nady,
 
 and the money paid into the hands of
 
 Spears,
 
 and by him delivered to
 
 Jones,
 
 I will not say that it would not have been sufficient, although it did not expressly allege the loan to be to the one or to the other, because the law would adjudge that upon the facts. But when the party determines for himself, and states in pleading that the loan was made to a particular person, ho must shew a transaction which in fact and in law makes a loan to that person. Here the declaration is entirely silent as to the bonds and the endorsements, it.sets forth barely a naked contract of loan of so much money from
 
 Cannady to Spears,
 
 without adverting to the securities. Upon the evidence the securities appear ; and upon their face the contract of
 
 Cannady
 
 was
 
 prima fade
 
 with
 
 Spears,
 
 as his endorsement was the immediate antecedent of the advance of money. An endorsement of a note or receipt for¿ money, is evidence upon a count for money lent, or had and received. Yet the plaintiff cannot recover on those counts, if in fact the defendant did not receive the money, and was only a surety.
 
 (Stratton
 
 v.
 
 Rastal,
 
 2
 
 T. R.
 
 366.) It is the same, when the party has received the money, not as his own, but as the avowed agent of another, to whom he has paid it over. In the case before us,
 
 Cannady
 
 could not then recover this money from
 
 Spears,
 
 as money had and received by him; nor, as we think, as money lent to him.
 
 *88
 
 The evidence shows that the apparent state of the case is not the true state of it. In questions of usury, no form of contract or device is allowed to preclude evidence of the truth of the transaction
 
 ;
 
 and this for all purposes, as well to enforce the penaltyas to avoid the securities. If
 
 Jones
 
 were sued on the bond, it would be open to him to allege the purpose of making it, so as to show, that the usurious consideration infected the bond itself.
 
 (Ruffin
 
 v.
 
 Armstrong,
 
 2
 
 Hawks,
 
 411.) If
 
 it
 
 consisted only in taking the endorsement, that, being a subsequent and distinct contract, would be void, hut the bond valid. In truth however, each of the securities and the advance of the money forms but a portion of one transaction, and could be stated as such in pleading, by
 
 Jones,
 
 if sued on the bond. It is true that it would be equally usurious, whether the bond were made to be discounted for the benefit of
 
 Jones
 
 or
 
 Spears,
 
 and might bo so alleged. The form of the
 
 security is
 
 therefore immaterial ; the sole question is, by whom, and for whom, was the contract for the loan made, and to whom was the money to go ? Whose money was it when
 
 Cannady
 
 delivered it to
 
 Spears ?
 
 Could he have retained it as his money
 
 ;
 
 or could not
 
 Jones
 
 have maintained an action for money had and received for it, as being paid to
 
 Spears
 
 by
 
 Cannady
 
 for him ? The case states that
 
 the money
 
 was applied for by
 
 Spears
 
 as the agent of
 
 Jones,
 
 that
 
 Cannady
 
 paid it to him as his agent, and that he received it as his agent. It was then
 
 Jones’
 
 money, But how was it his money ? Only because it was lent to him by
 
 Cannady.
 

 In questions of usury the real transaction may always be shown as well to support as to avoid the security.
 

 Per' Curiam — Jud gment affirmed .